IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DUANE L. SMITH,**

    **Petitioner,**

v.                                                                    Civil Action No.  3:07CV156
                                                                                        (BAILEY)

**JOE D. DRIVER, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 17), to which the petitioner failed to object. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will review the report and recommendation for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 17)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28

U.S.C. § 2241 are as follows. Currently, the petitioner is serving a 24 month term of incarceration for violations of supervised release. Pursuant to Bureau of Prisons (BOP) policy, the petitioner's unit team conducted a review and recommendation concerning his placement in a Community Corrections Center (CCC). In doing so, the unit team determined that petitioner was not eligible for CCC placement due to his willingness to violate terms of his previous supervision. Thereafter, petitioner filed a request for administrative remedy at the institutional level. To date, petitioner has yet to appeal his denial of CCC placement to the Regional Director or the Office of General Counsel.

On November 30, 2007, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In the petition, plaintiff asserts that he is entitled to placement in a CCC and seeks to have his recommendation and referral determined without regard to the invalidated BOP policy of capping recommendations for time spent in CCC at 10% of the total term of incarceration. On February 27, 2008, the respondent filed a Motion to Dismiss (Doc. 11), arguing that dismissal is warranted because the petitioner failed to exhaust available administrative remedies prior to filing suit. In addition, the respondent contends that plaintiff was never subject to the invalidated BOP regulation as the BOP determined that the defendant was not eligible for any amount of time in CCC. Following the filing of the government's motion, the Court issued a Roseboro Notice (Doc. 14). Thereafter, petitioner filed his Response (Doc. 16) arguing that his actions while under supervision should have no bearing on his CCC determination. Additionally, petitioner again asserts that he is owed a CCC determination that was not made on the basis of the invalidated BOP regulation.

Upon consideration, the Magistrate Judge found that the petitioner had failed to fully

exhaust his available administrative remedies. In so finding, however, the Magistrate Judge recommended waiving the judicially imposed exhaustion requirement to reach the merits of petitioner's claim, as the decision to deny CCC placement falls firmly within the discretion afforded by Congress to the BOP. To date, petitioner has yet to file objections to the Report and Recommendation (Doc. 17).

Generally, federal inmates must exhaust their administrative remedies prior to filing a § 2241 petition. **See, e.g., Martinez v. Roberts**, 804 F. 2d 570 (9th Cir. 1996), **Moscato v. Federal Bureau of Prisons**, 98 F.3d 757 (3d Cir. 1996). However, this exhaustion requirement is non-statutory and is therefore subject to judicial discretion. **McCarthy v. Madigan**, 503 U.S. 140, 144-45 (1992) (noting that "where Congress has not clearly required exhaustion, sound judicial discretion governs") (citing **McGee v. United States**, 402 U.S. 479, 483 (1971)). In the context of § 2241 petition, the requirements for exhaustion are set out at 28 C.F.R. §§ 542.10-16. As indicated in § 542.13(a), an inmate must informally present his complaint to staff prior to filing a request for administrative remedy. **Id.** If the inmate is unsatisfied with the results of the informal process, he may then submit a formal written complaint to the warden, which can be appealed to the Regional Director. **Id.** To the extent that the inmate is unsatisfied with the response of the Regional Director, the decision can then be appealed to the Office of General Counsel. **Id.**

Turning to the case at bar, the Court agrees with the finding of the Magistrate Judge, that the petition is defective for failure to exhaust available administrative remedies. While the exhaustion requirement may be waived under certain circumstances, **see McCarthy**, 503 U.S. at 144, petitioner has failed to make the requisite showing. More specifically,

petitioner's failure to proceed through the appeals stages of the administrative process cannot be justified on grounds of futility. In the context of challenging a CCC determination, courts that have excused a petitioner's failure to exhaust administrative remedies on futility grounds have done so as a result of the BOP's categorical application of the invalided 10% cap on time spent in CCC. **See, e.g., Fagiolo v. Smith**, 236 F. Supp. 589, 590 (noting that "exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 6424(c)"). Here, however, because the BOP never applied the invalidated 10% cap and has abandoned the practice of doing so within this District, the petitioner cannot claim futility on that ground. In addition, a mature administrative process would have served to provide the BOP with a chance to correct its own mistakes, to develop factual background, to apply its expertise and discretion, and to avoid premature court intervention; the very purposes of the exhaustion requirement. **See Alexander v. Hawk**, 159, F.3d 1321, 1327-28 (11th Cir. 1998). For these reasons, the Court finds that the petition is defective for failure to exhaust available administrative remedies. However, the Court will now consider the merits of petitioner's claim in the interest of judicial efficiency. **See Mason v. Ciccone**, 531 F.2d 867 (8th Cir. 1976).

Title 18, United States Code, Section 3624(c) provides that the BOP shall, "to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part . . . under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's reentry into the community." *Id.* Further, when reviewing a decision firmly within the discretion of prison administrators courts should not intervene absent clear evidence of unconstitutional conduct. **See Turner v. Safley**, 482

U.S. 78, 84 (1987). Because petitioner lacks the constitutional right, as well as any justifiable expectation, in being confined to a particular institution, he has failed to meet this standard. *See Meachum v. Fano*, 482 U.S. 215, 233 (1976), *Olim v. Waukinekona*, 461 U.S. 238 (1983). In addition, the Court cannot say that the BOP abused its discretion in refusing to grant petitioner CCC eligibility due to his past violations of supervised release. Despite assertions to the contrary, petitioner's inability to abide by the conditions of his supervised release bears directly on his ability to abide by any conditions imposed in CCC. As such, the decision to deny petitioner's CCC eligible on those grounds was firmly within the discretion of the BOP.

For the foregoing reasons, and those more fully contained in the Report and Recommendation (Doc. 17), the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 17) is ADOPTED**; that

2. **Respondent's Motion to Dismiss (Doc. 11)** is **GRANTED in PART**, with respect to the merits rationale, and **DENIED in PART**, with respect to the rationale predicated on the petitioner's failure to exhaust available administrative remedies; and that

3. **The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: May 15, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE